UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JUAN JUAREZ,

    Plaintiff,

v.                                             Case No: 6:23-cv-1573-JSS-DCI

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER

Plaintiff has filed a Notice of Voluntary Dismissal with Prejudice, (Dkt. 30), in which he purports to voluntarily dismiss his claim with prejudice "against Defendant, UNITED STATES POSTAL SERVICE," pursuant to Florida Rule of Civil Procedure 1.420. However, the United States Postal Service has been terminated as a Defendant in this matter, leaving the United States the sole remaining Defendant. (*See* Dkts. 17, 20.) Moreover, because this case is pending in federal court, voluntary dismissal is controlled by *Federal* Rule of Civil Procedure 41(a).

Further still, because Defendant has filed an answer, (Dkt. 21), and because the notice is not signed by "all parties who have appeared," Plaintiff's notice is ineffective to voluntarily dismiss this action. *See* Fed. R. Civ. P. 41(a)(1)(A); *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1307 (11th Cir. 2016) ("According to the plain text of Rule 41(a)(1)(A)(i), only the filing of an answer or a motion for summary judgment terminates a plaintiff's ability to voluntarily dismiss its claim without a court order.");

*City of Jacksonville v. Jacksonville Hosp. Holdings, L.P.*, 82 F.4th 1031, 1034 (11th Cir. 2023) ("Rule 41(a)(1)(A)(ii) . . . permits a plaintiff to dismiss an action without a court order by filing 'a stipulation of dismissal signed by all parties who have appeared.'") (quoting Fed. R. Civ. P. 41(a)(1)(A)(ii)).  If Plaintiff wishes to voluntarily dismiss this action, he may either file a joint "stipulation of dismissal signed by *all parties* who have appeared," Fed. R. Civ. P. 41(a)(1)(A)(ii) (emphasis added), or file a motion under Federal Rule of Civil Procedure 41(a)(2).

**ORDERED** in Orlando, Florida, on February 28, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record